KGO/AMK/KPC 8849-10001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRI WASHBURN GATTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 10-cv-02538 |
| ) | Judge Sharon Johnson Coleman |
| THE KIRBY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
THE KIRBY COMPANY, A DIVISION OF THE SCOTT FETZER COMPANY**

NOW COMES the defendant, The Kirby Company, a Division of The Scott Fetzer Company ("Kirby"), by its attorneys, JOHNSON & BELL, LTD., and, pursuant to leave granted in open court on July 31, 2013, hereby submits this Supplemental Motion for Summary Judgment as a supplement to its prior Motion for Summary Judgment, which has been taken under advisement by the Court.

## I. INTRODUCTION

This is a product liability lawsuit in which Plaintiff, Terri Washburn Gattone, alleges that in May 2000, she purchased a Kirby 2000 Limited Edition vacuum cleaner directly from Kirby sales personnel, and that on August 11, 2009, she became injured while vacuuming her bedroom floor using the then nearly ten (10) year old vacuum and its "attachment hose connector." Specifically, plaintiff claims that she was lying on the ground in close proximity to the vacuum in order to vacuum under a bed, when she alleges the attachment hose connector broke apart, causing some of her hair to be sucked into the vacuum and pulled from her scalp.

Defendant has denied and continues to deny all material allegations of the complaint.

In both the Final Pretrial Order submitted July 26, 2013 [Docket 81] and in her Response to Defendant's Motions *in Limine* [Docket 85], plaintiff stipulates that she does not have an expert witness to support her product liability case against defendant. The absence of an expert to support plaintiff's claims mandates judgment in defendant's favor.

## II. <u>GOVERNING LAW</u>

Generally speaking, in strict product liability cases, the "fault" of the product manufacturer is not at issue. Rather, the sole issue is whether a person has been injured by a product that was defective and unreasonably dangerous when it left the manufacturer's control. *Suvada v. White Motor Co.,* 32 Ill.2d 612, 210 N.E. 2d 182 (1965). In order to recover damages for a product-related injury on a strict tort liability theory, a plaintiff must plead and prove:

1. that the defendant was in the business of selling a product;
2. that plaintiff's injury or damage resulted from a condition of that product;
3. that the condition was a defective and unreasonably dangerous one; and
4. that the condition existed ***at the time the product left the control of the defendant***.

*Suvada v. White Motor Co., supra. (emphasis added).*

"Defects" in a product can be defects in manufacture, design, or informational or warning defects. However, a manufacturer is not under a duty to design a product incapable of causing injury. Restatement (Second) of Torts, §402A Comment (i)(1965); *Riordan v. International Armament Corp.,* 132 Ill.App.3d 642, 477 N.E.2d 1293 (1st Dist. 1985). Likewise, *no inference of defectiveness may be drawn from the mere presence of injury itself. Sparacino v. Andover Controls Corp.,* 227 Ill.App.3d 980, 592 N.E.2d 431 (1st Dist. 1992)(emphasis added).

Finally, in order to succeed on a negligence claim, the plaintiff must plead and prove facts sufficient to show the existence of a duty of care owed by the defendant to the plaintiff; a breach of that duty by the defendant; and an injury proximately resulting from the breach. While at the summary judgment stage the plaintiff is not required to prove her case, she nevertheless

must present some facts to support each element of her negligence claim. *See Cunis v. Brennan*, 56 Ill. 2d 372, 308 N.E.2d 617, 618 (Ill. 1974); *accord, e.g., Klootwyk v. Daimler Chrysler Corp.*, 2003 U.S. Dist. LEXIS 7768, No. 01 C 6127, 2003 WL 21038417, at *4 (N.D. Ill. May 7, 2003). Whether or not a duty exists is a question of law for the trial court to determine. *Ward v. Kmart Corp.*, 136 Ill. 2d 132, 140 (1990); *Fris v. Personal Products Co.*, 255 Ill. App. 3d 916, 923 (3rd Dist. 1994).

If plaintiff cannot establish any one of the essential elements of her claim, then summary judgment or directed finding for the defendant is appropriate. *Nowak v. Coghill*, 296 Ill. App. 3d 886, 892 (2nd Dist. 1998).

### III. **OPERATIVE ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

Plaintiff brings two counts against Kirby: the first alleges strict liability and the second alleges negligence. In her strict liability claim, she alleges that the vacuum was defective and unreasonably dangerous in its design or manufacture in one or more of the following ways:

(a) The attachment hose connector was not designed in a manner sufficient to withstand breaking when the vacuum was used in its intended and reasonably foreseeable manner;

(b) the vacuum and the attachment hose connector were designed and manufactured without adequate testing, including failure mode effects analysis;

(c) the materials used for fabricating the attachment hose connector were not strong enough to withstand intended and reasonably foreseeable uses without breakage;

(d) the attachment hose connector contained a defect which caused the connector to fracture into two parts, and

(e) the vacuum was promoted and sold without warnings concerning the dangers of injury in the event of breakage or failure of the attachment hose connector. (Pl.'s Compl. [Docket 1] at ¶ 10).

Plaintiff's second count for negligence alleges that Kirby breached its duty to exercise a reasonable degree of care in the design, manufacture, promotion, and sale of the vacuum, by:

(a) failing to design the vacuum in a manner that would withstand intended and foreseeable usage without breakage of the attachment hose connector;
(b) failing to conduct adequate testing of the vacuum and its components, including but not limited to failure mode effects analysis on potential breakage of the attachment hose connector;
(c) failing to test the vacuum, including the attachment hose connector, for manufacturing defects during and following the fabrication process, and
(d) failing to warn the Plaintiff or other users of the vacuum of the risks of injury in the event of breakage of the attachment hose connector. (*Id.* at ¶ 16).

Kirby has denied, and continues to deny, all material allegations pleaded against it. (Kirby's Answer and Affirmative Defenses to Plaintiff's Complaint [Docket 5]).

## IV. SUMMARY OF ARGUMENT

Plaintiff's action fails for a variety of reasons, which are articulated in Kirby's Motion for Summary Judgment and supporting Memorandum of Law. In the instant Supplemental Motion for Summary Judgment, defendant establishes that because plaintiff lacks any expert support for her case, the case cannot go to a jury and plaintiff cannot recover as against the defendant.

### A. The Absence of Expert Support for Plaintiff's Claims Mandates Judgment for Defendant.

Plaintiff has stipulated that she has no expert support for her allegations against Kirby. [Docket 81, 85]. Generally speaking, a plaintiff in a product liability case must have expert opinion testimony to support her case; absent expert testimony in support of her allegations, plaintiff cannot meet her burden of establishing a *prima facie* case against Kirby. *Baltus v. Weaver*, 199 Ill.App.3d 821, 557 N.E.2d 580, 145 Ill.Dec. 810 (1st Dist. 1990).

In *Baltus*, a mechanic was allegedly injured when an automobile transmission slipped off of a transmission jack and landed on his hand. Plaintiff filed a two-count complaint alleging

strict liability and negligent manufacture and design of the transmission jack. *Baltus*, 557 N.E.2d at 581, 199 Ill. App. 3d at 823, 145 Ill.Dec. at 811. His strict liability count was dismissed with prejudice pursuant to 735 ILCS 5/13-214(b), and plaintiff proceeded on negligence theories, alone. The parties undertook discovery, during which plaintiff was ordered to disclose all expert witnesses and their qualifications and opinions by a date certain. Plaintiff failed to disclose any expert witnesses, and defendant moved for summary judgment on the basis that plaintiff was unable to prove his case as a matter of law. *Id.* The court awarded summary judgment for defendant and against plaintiff, and plaintiff appealed, urging that he was improperly barred from giving his own expert testimony as to the allegedly negligent manufacture and design of the jack. Plaintiff claimed that his years as a mechanic qualified him to render expert opinions, and that it was for the jury to decide whether defendant breached the applicable standard of care with respect to the design and manufacture of the jack, and in failing to warn against use of the jack without certain safety features in place. *Baltus*, 557 N.E.2d at 582, 199 Ill.App.3d at 824, 145 Ill.Dec. at 812. The Appellate Court affirmed the trial court's award of summary judgment, rejecting each of plaintiff's arguments.

In rejecting the plaintiff's arguments, the Appellate Court noted, first, that in order to recover for negligent manufacture based on defective design, the plaintiff was required to establish that the manufacturer deviated from the standard of care followed by other manufacturers of transmission jacks at the time that the machine in question was designed, or to produce evidence that the manufacturer knew or should have known in the exercise of ordinary care that its product was dangerous, and failed to warn of its dangerous propensity. The court then engaged in an analysis of both strict product liability and negligence-based product liability. *Baltus*, 557 N.E.2d at 585-586, 199 Ill.App.3d at 830-831, 145 Ill.Dec. at 815-816. The court

went on to note that in both strict liability and negligence, the threshold question of unreasonably dangerous design is whether the product is dangerous because it fails to perform in a manner reasonably to be expected in light of its nature and intended function. *Id.* Continuing, the court noted that a manufacturer could not be held liable for alleged negligent design absent evidence of the standard of care by which to measure the manufacturer's design, and a showing of a deviation from that standard by competent evidence. *Id.*

Ultimately, the *Baltus* court concluded that these issues were reserved for competent experts in the field, and refused to accept the bare opinions of the plaintiff. Specifically, the *Baltus* court noted:

> Products liability actions, however, often involve specialized knowledge or expertise outside the layman's knowledge. Manufacturing negligence resulting in an unreasonably dangerous product seems particularly appropriate for expert opinion. See, *e.g., Pease v. Ace Hardware Home Center* (1986), 147 Ill.App.3d 546, 101 Ill.Dec. 161, 498 N.E.2d 343 (expert testimony regarding design alternatives for constructing display rack and need for warnings was properly admitted to aid jury in deciding products liability action); *Sutkowski v. Universal Marion Corp.* (1972), 5 Ill.App.3d 313, 281 N.E.2d 749.

*Baltus,* 557 N.E.2d at 588-589, 199 Ill.App.3d at 834-385, 145 Ill.Dec. at 181-819. (emphasis in original). See also, *Ruane v. Amore,* 287 Ill.App.3d 465, 677 N.E.2d 1369, 222 Ill.Dec. 570 (1st Dist. 1997)(when nature of defect and its existence are beyond the jury's common understanding and experience, expert testimony is necessary to establish defect; plaintiff's failure to proffer testimony of expert with specialized knowledge or expertise in structural engineering, outside jury's common knowledge and experience, was fatal to plaintiff's claims that defendants committed fraud by not revealing latent defect in residence, as, absent expert testimony, jury may not speculate whether latent defect exists); *Cleveringa v. J.I. Case Company,* 230 Ill.App.3d 831, 595 N.E.2d 1193, 172 Ill.Dec. 523 (1st Dist. 1992)(mere practical

knowledge and frequent use of a machine does not qualify user of machine as an expert on issues of equipment design or manufacture).

Citing to the rather complicated nature of the product at issue in the case before it, *and the plaintiff's focus on the alleged lack of warnings* and the removable nature of certain safety supports, the *Baltus* court found that "without expert testimony resting on a foundation of facts regarding this particular design, the jury would be left to speculate as to what, if anything, made the jack unreasonably dangerous," and concluded that plaintiff could not establish a breach of the standard of care in the case without expert testimony. *Baltus,* 557 N.E.2d at 590, 199 Ill.App.3d at 836-837, 145 Ill.Dec. at 819.

In *Salerno v. Innovative Surveillance Tech., Inc.*, a failure-to-warn case in which plaintiff did not offer expert testimony, the Appellate Court cited to *Baltus* for the following proposition:

> Because products liability actions involve specialized knowledge or expertise outside of a layman's knowledge, the plaintiff must provide expert testimony on the standard of care and a deviation from that standard to establish either of these propositions.

*Salerno v. Innovative Surveillance Tech., Inc.*, 402 Ill. App. 3d 490, 501 (Ill. App. Ct. 1st Dist. 2010) (citing *Blue v. Envtl. Eng'g, Inc.*, 215 Ill. 2d 78, 100 (Ill. 2005); *Henry v. Panasonic Factory Automation Co.*, 396 Ill. App. 3d 321, 326, 917 N.E.2d 1086, 335 Ill. Dec. 22 (2009); and *Baltus*, 199 Ill. App. 3d at 836).

The Court granted summary judgment to defendant, noting that plaintiff waived his negligent design defect claim on appeal, because he stated that there was "nothing to criticize" about the product in question. Nonetheless, the court stated:

> [E]ven if we could address plaintiff's negligence claim, summary judgment would have been proper because plaintiff failed to provide any expert testimony to establish the relevant standard of care or a deviation therefrom that proximately caused his injury.

*Salerno v. Innovative Surveillance Tech., Inc.*, 402 Ill. App. 3d at 502.

In *Henry v. Panasonic Factory Automation Co.*, 396 Ill. App. 3d 321, 327 (Ill. App. Ct. 4th Dist. 2009), the court affirmed the trial court's grant of summary judgment to defendant, holding that plaintiffs could not "establish a breach of the standard of care . . . without expert testimony." Plaintiff alleged that the product at issue, a complex cutting machine manufactured by Panasonic, was unreasonably dangerous because of design defects. The court stated that the product was a "specialized piece of equipment," and that its "design and manufacture" involved "specialized knowledge." *Id*. *Henry* is distinguishable only insofar as plaintiff presented an expert, which the court found to be inadequate, stating that the expert "had no opinion regarding any of the three specific allegations of design defect contained in plaintiffs' complaint." *Id*.

Similarly, the Illinois Appellate Court affirmed the trial court's grant of summary judgment in *Ruane v. Amore*, 287 Ill. App. 3d 465, 475 (Ill. App. Ct. 1st Dist. 1997), holding that expert testimony was required to establish whether a latent structural defect exists at a residence. Plaintiffs alleged that a house they purchased had a latent defect in the southwestern rear portion of the residence. They argued that "the foundation and structure of the residence was defective" and "the defective part of the structure was unstable and in danger of collapse." *Id*. The Court, citing *Baltus*, stated:

> In determining whether conditions exist as alleged by plaintiffs, specialized knowledge or expertise in structural engineering, outside a jury's common understanding and experience, is required. Without expert testimony as to the condition of the foundation and structure of the residence, a jury may simply speculate whether a latent defect exists. A jury may not speculate whether a latent defect exists when the nature and existence of the defect is beyond their common understanding and experience. *Id*.

The Seventh Circuit and cases emanating from this district have uniformly followed this principle. For example, in *Phillips v. Raymond Corp.*, 2006 U.S. Dist. LEXIS 27632 (N.D. Ill.

2006), plaintiff attempted to mount a product liability case against a fork lift manufacturer based on failure to warn without an expert after the court barred plaintiff's lone engineering expert on the issue. *Phillips v. Raymond Corp.*, 2006 U.S. Dist. LEXIS 27632, *5.

In rejecting the effort, the *Phillips* court noted, in part, that absent expert testimony, plaintiff "has scant evidence concerning the applicable duty of care for forklift design." *Phillips v. Raymond Corp.*, 2006 U.S. Dist. LEXIS 27632, *15. Continuing, the court found that plaintiff's negligent warning theory was fatally flawed for a variety of reasons, including because plaintiff never proposed a warning that he suggested would be more appropriate than those the defendant actually gave, and never gave any evidence of the standard of care in the industry concerning such warnings. Moreover, plaintiff failed to allege or offer any evidence that a different warning would have made any difference. In other words, plaintiff failed to provide any "evidence of proximate causation - - i.e. that he would have read and followed a different, adequate warning or that such a warning would have prevented his injuries." The court concluded:

> In sum, Plaintiff has failed to establish a standard of care with respect to forklift warnings; has failed to suggest a different warning that would be adequate or better; and has failed to identify a warning that would have caused him to have acted differently or prevented the injury he suffered, allegedly as a result of the open rear entry feature. For all of these independent reasons, no rational jury could find Defendant liable on a failure to warn theory. *See, e.g., Dhillon, 269 F.3d at 870*; *Bourelle, 220 F.3d at 538*.

*Phillips v. Raymond Corp.*, 2006 U.S. Dist. LEXIS 27632 *19 – *21. *See also, Bourelle v. Crown Equip. Co.,* 220 F.3d 532, 538 (7th Cir. 2000) (affirming summary judgment for defendant on failure-to-warn claim in forklift case where the opinions of plaintiff's engineering expert were barred as unreliable, and noting that Plaintiff "failed to test (or even to draft) an alternative warning"); *Dhillon v. Crown Controls Corp.,* 269 F.3d 865, 867 (7th Cir. 2001).

In *Show v. Ford Motor Co.*, 659 F.3d 584, 588 (7th Cir. Ill. 2011), the Seventh Circuit affirmed the district court's grant of summary judgment for defendant on grounds that plaintiff could not prove his case without expert testimony. The plaintiffs were injured when their 1993 vehicle rolled over after being struck by another car near the left rear wheel. Plaintiffs argued that they should be allowed to argue that cars do not just roll over in low speed collisions unless defectively designed, without the aid of expert testimony. The Court held that because the record failed to say why the car rolled over:

> Without an expert's assistance the [juror's] decision [as to whether the car was defectively designed] would depend on speculation, which cannot establish causation—an issue on which plaintiffs bear both the burden of production and the risk of non-persuasion. *Id.*

Other Seventh Circuit cases considering this issue have ruled similarly, particularly in cases where a plaintiff's proffered expert testimony was excluded and judgment entered for defendants for want of expert support for the plaintiff. *See, Fuesting v. Zimmer, Inc.*, 362 Fed. Appx. 560, 562, 2010 U.S. App. LEXIS 1547 (7th Cir. Ill. 2010) (summary judgment on plaintiff's strict liability and negligence claims affirmed, as they necessarily fail after district court's proper exclusion of all of plaintiff's expert causation testimony); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 517 (7th Cir. Ill. 2006) (same); *Masters v. Hesston Corp.*, 291 F.3d 985, 993 (7th Cir. Ill. 2002) (same).

Plaintiff herein has no expert support for any of the theories of liability pleaded against defendant. Without same, a jury would be left to speculate as to the appropriate standard of care for the design and manufacture of this complicated, unique product, the appropriate standard of care for warnings and instructions for the product, and, for that matter, left to speculate on every aspect of plaintiff's product liability claim. Speculation cannot support a verdict. Judgment in favor of defendant is mandated.

WHEREFORE, the defendant, The Kirby Company, a Division of The Scott Fetzer Company, respectfully requests that this Court: (1) grant summary judgment in favor of Kirby and against Plaintiff; (2) dismiss this action with prejudice; and (3) grant such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>The Kirby Company, a Division of
>The Scott Fetzer Company
>
>By: _/s/Kevin Owens_____
>     One of its attorneys

Kevin G. Owens
Angela M. Kotsalieff
Kevin P. Conrad
Johnson & Bell, Ltd.
33 West Monroe Street - Suite 2700
Chicago, Illinois  60603
(312) 372-0770